## ANDREW MATTA v. MARY GAYLE.

The settled practice is to consider the surety in injunction as a party cited before the appellate court, without being specially mentioned in the motion for appeal.

APPEAL from the District Court of East Baton Rouge, *Robertson*, J. *Lacy*, for plaintiff and appellant. *Elam & Elam*, for defendant.

BUCHANAN, J. The defendant and appellee moves to dismiss the appeal, on the ground that *Henderson*, the surety of plaintiff on the injunction bond, is not before this court.

MATTA
v.
GAYLE.

The appeal was granted upon motion as follows: "The plaintiff's counsel moves for a suspensive appeal returnable according to law upon giving bond and security in the sum to be fixed by the court." The practice, as settled in the case of *Mitchell* v. *Lay*, 4 An. 514, is to consider the surety in injunction, as a party cited before the appellate court, without being specially mentioned in the motion for appeal.

This is an injunction suit to stay the execution of a judgment obtained by a wife separated in property from her husband, in an hypothecary action against a third possessor of property acquired from her husband, and subject to a tacit mortgage for the security of the paraphernal rights of the wife. The grounds assumed in the petition for injunction are, that the husband has died and that the wife has intermeddled in his estate, and taken possession of his property without legal authority, particularly of two slaves named *Rachel* and *Bundy ;* and furthermore, in case the court should not be of opinion that there was such an intermeddling on the part of the wife as renders her liable for the obligations of her husband, that at all events the wife is bound to discuss the said slaves, *Rachel* and *Bundy*, before enforcing her tacit mortgage upon the property of plaintiff in injunction.

On the trial of the cause in the District Court, the plaintiff in injunction offered to prove by record and other evidence, both written and parol, that *James D. Stuart* departed this life in or about the month of July, 1832, and that since his death, his widow, the plaintiff in execution, has intermeddled with the estate of her deceased husband, and had appropriated to her own use, two negro slaves, *Rachel* and *Bundy*, their hire for two years, and a large amount of personal property—to prove furthermore, that the plaintiff in execution has never caused an inventory to be made in the succession aforesaid, and has never renounced the community formerly existing between her and her deceased husband. This evidence was offered to sustain the plea of discussion, and to establish the intermeddling alleged in the petition. But the District Court ruled out the evidence of intermeddling, on the ground that the alleged acts of intermeddling, have occurred since the defendant obtained judgment against the property of plaintiff in injunction, rendering it liable to her tacit mortgage. And the court rejected the evidence to support the plea of discussion, on the ground that this plea was *res judicata* against the plaintiff in injunction.

We think the court erred. The acts of intermeddling by plaintiff in execution in the estate of her deceased husband, were alleged in the appellants' petition, as grounds for injunction of the execution, precisely because they had occurred since the judgment in the suit of Mrs. *Stuart* v. *Matta.* Had they occurred before, they might have been pleaded in defence to that suit, and would not have been available to enjoin the execution. See the numerous authorities collected in Hennen's Digest, *verbo* Injunction, p. 699, No. 6.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed ; and that this cause be remanded for further proceedings according to law. And it is further decreed, that the plaintiff in injunction be allowed to introduce the evidence mentioned in his bill of exceptions to establish the alleged intermeddling ; and lastly, that the costs of the appeal be paid by the appellee.